**Erwin M. SWAM, Plaintiff-Appellant,**

v.

**UNITED STATES of America, William Barry, Robert A. Hanselman and Jay G. Philpott, Defendants-Appellees.**

**No. 14280.**

United States Court of Appeals
Seventh Circuit.

Jan. 20, 1964.

Rehearing Denied Feb. 26, 1964.

Paul H. Ferguson, Robert B. Borchers, Ferguson & Ferguson, Decatur, Ill., for plaintiff-appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Morton K. Rothschild, Atty. U. S. Dept. of Justice, Washington, D. C., Edward R. Phelps, U. S. Atty., Springfield, Ill., Lee A. Jackson, Robert N. Anderson, Attys. Dept. of Justice, Washington, D. C., for appellees.

Before DUFFY, SCHNACKENBERG, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

Erwin M. Swam, plaintiff, brought this action for damages against the United States and three individuals, Jay G. Philpott, Robert A. Hanselman, and William Barry. Philpott was the district director of Internal Revenue at Springfield, Illinois; Hanselman and Barry were his deputies. The action involved the sale of plaintiff's property for the payment of delinquent federal taxes.

In his complaint plaintiff alleged that he operated an electrical and engineering business in Decatur and Lincoln, Illinois; that a dispute arose with the Internal Revenue Service over the amount of income and unemployment taxes he had withheld from his employees and had not paid over to the federal government; that plaintiff requested the Internal Revenue agents to inform him of the amount "rightfully due," but that Philpott and his deputies "negligently and wrongfully refused" to notify him of the amount of delinquent taxes and penalties owed by him; that the agents conducted a levy, seizure and sale of plaintiff's property purportedly in accordance with Sections 6331 and 6335 of the Internal Revenue Code of 1954; that the highest bid for plaintiff's property was $1,510, although it was reasonably worth in excess of $50,-000; that the levy, seizure and sale were illegal in a number of ways because the agents failed to comply with the requirements of the statutes.

Defendants moved to dismiss the action for lack of jurisdiction and for failure to state a claim. The motion was granted January 2, 1963, on the ground

that the district court lacked jurisdiction under the Federal Tort Claims Act.

On February 4, 1963, plaintiff filed a motion for leave to file an amended complaint against the individual defendants. Defendants opposed the motion on the ground that it was not timely filed within the ten-day period permitted under Rule 59 of the Federal Rules of Civil Procedure. The district court on February 25, 1963 denied plaintiff's motion to amend because it "came too late and * * * there is no diversity jurisdiction." Thereafter, on March 8, 1963, plaintiff filed a "motion to vacate orders of dismissal and for leave to amend." The motion was denied April 24, 1963. Plaintiff filed his notice of appeal on June 24, 1963.

■ Defendants request a dismissal of this appeal. They contend that the notice of appeal was filed more than sixty days after the entry of the judgment of dismissal by the district court, contrary to Section 2107, 28 U.S.C. § 2107, and Rule 73(a) of the Federal Rules of Civil Procedure; and that there were no timely motions the granting or denying of which might have extended the sixty-day period. Defendants argue that none of plaintiff's motions filed subsequent to the order of dismissal on January 2nd were timely filed in accordance with rule 59; that the March 8th motion was not filed under Rule 60(b) of the Federal Rules of Civil Procedure; and, therefore, there was no tolling of the time for appeal.

We disagree with defendants' contention because we are of the view that the motion filed March 8th, although not captioned a motion under rule 60(b), must be treated as such. Not only is rule 60 (b) mentioned in the motion but the averments obviously were drafted with that rule in mind.

The appeal was from the order denying the motion of March 8th and there can be no question that it was filed within the period permitted under section 2107 and rule 73(a).

■ Rule 60(b) was not intended to be an alternative method to obtain review by appeal or as a means of enlarging by indirection the time for appeal. Flett v. W. A. Alexander & Co., 302 F.2d 321 (7th Cir. 1962); Morse-Starrett Products Co. v. Steccone, 205 F.2d 244 (9th Cir. 1953). When the instant case is thus viewed, it is apparent that neither the timeliness of the notice of appeal as it relates to the January 2nd order of dismissal nor the order of dismissal itself are in issue.

■ Motions filed under rule 60(b) are addressed to the discretion of the district court; and unless there is an abuse of that discretion, its ruling will not be disturbed on appeal. Securities and Exchange Comm. v. Farm & Home Agency, Inc., 270 F.2d 891 (7th Cir. 1959); Perrin v. Aluminum Co. of America, 197 F.2d 254 (9th Cir. 1952).

Accordingly, the sole question before us is whether there was an abuse of discretion in denying plaintiff's motion filed on March 8, 1963.

■ Plaintiff advanced two grounds in his rule 60(b) motion for vacating the order of dismissal and for leave to amend his complaint. The first was that the district court "misconceived the character of the causes of action alleged in plaintiff's original complaint, mistakenly believing said causes of action to be based upon the Federal Tort Claims Act, whereas plaintiff was declaring against the * * * United States * * * only under the Tort Claims Act * * * and was asserting liability against the individual defendants under general common law principles." These averments do not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b). If plaintiff believed the district court was mistaken as a matter of law in dismissing the original complaint, he should have appealed within sixty days after the dismissal or he might have filed a timely motion under rule 59 to vacate the judgment of dismissal and for leave to amend his complaint. He did neither.

Plaintiff's second ground was that he was not served with a copy of defend-

ants' opposition to his request of February 4th for leave to file an amended complaint and that he had no opportunity to be heard before the court denied the request on February 25th.

Although we think the better practice would have been for the district court to have permitted plaintiff to be heard on his motion before ruling, plaintiff was not prejudiced. The motion for leave to amend was not timely filed; therefore, it was a nullity and the district judge could dispose of it *sua sponte*.

We conclude that the district court did not abuse its discretion in denying the motion of March 8, 1963. Its order is affirmed.