George R. DRESKE, Petitioner,

v.

WISCONSIN DEPARTMENT OF
HEALTH AND SOCIAL SERV-
ICES et al., Respondents.

Civ. A. No. 79–C–707.

United States District Court,
E. D. Wisconsin.

Feb. 4, 1980.

Reconsideration Granted Feb. 19, 1980.
See 486 F.Supp. 504.

James R. Glover, Shellow & Shellow, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen. of Wis. by Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

The petitioner George R. Dreske challenges his conviction on May 27, 1977, in Milwaukee County Circuit Court on charges of making campaign contributions in other than his own name, in violation of §§ 11.24(1) and 11.61(1)(a), Wis.Stats. Petitioner appealed from the judgment of conviction, and on January 29, 1979, the Wisconsin Court of Appeals affirmed the conviction on counts 1 through 5 and reversed the conviction on counts 6 through 8. *State v. Dreske*, 88 Wis.2d 60, 276 N.W.2d 324 (1979). The Wisconsin Supreme Court on July 17, 1979, denied Mr. Dreske's petition for leave to appeal.

The petitioner raises three constitutional claims: (1) that Chapter 11, Wis.Stats., creates two distinct and mutually exclusive penalty schemes for offenses with identical elements, in violation of the Fifth and Fourteenth Amendments to the United States Constitution; (2) that his conviction for violations of § 11.61(1), Wis.Stats., without proof of corrupt intent and prior to an authoritative state construction of the statute was a violation of due process under the Fourteenth Amendment; and (3) that the presumptive intent instruction given to the jury relieved the prosecution of its burden of proof and shifted that burden to the petitioner, in violation of the Sixth and Fourteenth Amendments. The State contests petitioner's claims on their merits. In addition, it argues that petitioner has failed to exhaust his state remedies with respect to the second and third claims and that he has failed to name the proper respondent, i. e., the Sheriff of Milwaukee County.

After the judgment of conviction was entered, the petitioner was released on bail by the Milwaukee County Circuit Court pending disposition of his appeal, and after the judgment was affirmed in part, that court continued his bail. Thus, at the time this petition was filed, petitioner was free on bail pursuant to an order of the Milwaukee County Circuit Court. The State argues that under § 969.09(2), Wis.Stats., once a judgment of conviction is affirmed, a defendant must surrender himself to the custody of the sheriff for the county in which he was tried, and therefore petitioner is in the constructive custody of the Sheriff of Milwaukee County.

Section 969.09(2) also provides, however, that when a defendant is admitted to bail, he will appear at such time and place as the court directs. At the time this petition was filed, which is the relevant time for determining custody, *Ohrynowicz v. United States*, 542 F.2d 715 (7th Cir. 1976), cert. denied 429 U.S. 1027, 97 S.Ct. 650, 50 L.Ed.2d 630 (1976), petitioner was free pursuant to an order of the Milwaukee County Circuit Court staying his sentence and, therefore, was in the custody of that court, *Hensley v. Municipal Court*, 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973), which had the authority either to extend or to revoke the stay. Furthermore, when the petitioner does surrender himself to the sheriff, he will at once be legally in the custody of the respondent department. (See paragraph 1 of the answer filed October 19, 1979; see also § 973.10, Wis.Stats. (1977), providing that "[i]mposition of probation shall have the effect of placing the defendant in the custody of the department * * *.") Therefore, when the petition was filed, petitioner was equally in the constructive custody of the respondent department and of the sheriff, and he was actually within the control of the respondent court. Petitioner has named appropriate respondents.

There is no dispute that petitioner has exhausted his available state remedies with regard to his first claim. The State contends, however, that the petitioner has not exhausted his available state remedies with regard to his second and third claims. Petitioner points out in his brief (p. 5) filed in support of his petition on December 21, 1979, that:

"In light of the claim in the answer that petitioner had available to him a state court remedy under Wis.Stat. § 974.06 to litigate the second and third grounds for relief recited in the instant habeas petition, petitioner filed such a motion in the state trial court. That motion was heard by the Hon. Christ T. Seraphim on November 7, 1979. The State, by Assistant District Attorney William Sosnay, argued that these issues had been litigated by petitioner in the state court appellate process and decided against him. Judge Seraphim summarily denied petitioner's § 974.06 motion on the ground asserted by the prosecutor. * * "

The State concedes that the assistant district attorney of Milwaukee County did make the exhaustion argument. It states, however, that if petitioner were to appeal the adverse decision on his § 974.06 motion, the State, by the State Attorney General, would retract the argument and join in a request for a decision on the merits of petitioner's claims. Petitioner, in turn, argues that the exhaustion requirement is an equity doctrine and that it would be inequitable to require the petitioner to undertake, through the state appellate process, the burden of correcting the State's error at the trial court level, particularly since the State's allegedly erroneous position is the position which the petitioner in fact asserts as correct.

■ Exhaustion of remedies is not a jurisdictional prerequisite to a federal habeas corpus petition but is rather an equitable doctrine " 'designed to give the State the [sic—an] initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.' " *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), quoting from *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971); *Fay v. Noia*, 372 U.S. 391, 415–420, 83 S.Ct. 822, 836–838, 9 L.Ed.2d 837 (1963). When the State itself takes the position that its courts have had such opportunity and have denied a defendant's federal constitutional claims on their

merits, no further effort to have the state courts consider the merits of those claims should be required of the defendant. The Court recognizes that the District Attorney's Office and the Attorney General's Office have different staffs and different statutory responsibilities. They represent the same client, however. Both apparently now agree that an erroneous representation was made to the Milwaukee County Circuit Court on December 21, 1979, about petitioner's case, and yet neither of them has made the slightest effort to rectify that error which was not of the petitioner's making. In consequence, this Court declines to require the petitioner to undertake further burden and expense to correct the State's error and receive a review by the state courts of the merits of his constitutional claims. It finds that under these particular circumstances, the petitioner has made an effort sufficient to satisfy the exhaustion requirement. See *Wilwording v. Swenson*, 404 U.S. 249, 250, 92 S.Ct. 407, 408, 30 L.Ed.2d 418 (1971); *Grant v. State of Wisconsin*, 450 F.Supp. 575, 579 (E.D.Wis.1978). The Court will now consider the merits of the petitioner's claims.

Section 11.24(1), Wis.Stats., provides:

"(1) No person may, directly or indirectly, make any contribution other than from funds or property belonging to the contributor. No person may, directly or indirectly, furnish funds or property to another person for the purpose of making a contribution in other than his own name. * * * "

Section 11.60(1), Wis.Stats., entitled "Civil penalties," provides:

"(1) Any person, committee or group who violates this chapter may be required to forfeit not more than $500 for each violation."

Section 11.61(1), Wis.Stats., entitled "Criminal penalties; prosecution," provides:

"(1)(a) Whoever intentionally violates ss. * * * 11.24(1) may be fined not more than $10,000 or imprisoned not more than 3 years or both."

Petitioner's first claim is that § 11.60(1), Wis.Stats., despite being entitled a civil

penalty provision, should be considered criminal in nature for purposes of the double jeopardy clause of the Fifth Amendment; that if it is so considered, the double jeopardy clause prohibits the enforcement of both §§ 11.60(1) and 11.61(1)(a) against any single violator of § 11.24(1); and that the double penalty scheme constitutes an impermissible delegation to the prosecutor of the power to decide what the law is, in violation of the defendant's rights to due process and equal protection.

■ The double jeopardy clause is not implicated in this case because there is no allegation that the petitioner has been or may be charged with a violation under §§ 11.24(1) and 11.60(1), Wis.Stats., for the same conduct that formed the basis for his conviction under §§ 11.24(1) and 11.61(1)(a), Wis.Stats. See *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977). His due process and equal protection claim is foreclosed by the Supreme Court's decision in *United States v. Batchelder*, 442 U.S. 114, 123, 99 S.Ct. 2198, 2204, 60 L.Ed.2d 755 (1979), wherein the Court stated:

"The provisions in issue here, however, unambiguously specify the activity proscribed and the penalties available upon conviction. See *supra*, at 2201–2202. That this particular conduct may violate both Titles does not detract from the notice afforded by each. Although the statutes create uncertainty as to which crime may be charged and therefore what penalties may be imposed, *they do so to no greater extent than would a single statute authorizing various alternative punishments*. So long as overlapping criminal provisions clearly define the conduct prohibited and the punishment authorized, the notice requirements of the Due Process Clause are satisfied." (Emphasis, other than *supra*, added.)

The Court further stated:

"This Court has long recognized that when an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants. * * *

\* \* \* \* \* \*

" \* \* \* The prosecutor may be influenced by the penalties available upon conviction, but this fact standing alone does not give rise to a violation of the Equal Protection or Due Process Clauses. [Citations omitted.] Just as a defendant has no constitutional right to elect which of two applicable federal statutes shall be the basis of his indictment and prosecution, neither is he entitled to choose the penalty scheme under which he will be sentenced. [Citations omitted.]"

Petitioner's second claim is that his conviction for violations of § 11.61(1)(a), Wis. Stats., without proof of corrupt intent and prior to an authoritative state construction of the statute, was a violation of the due process clause of the Fourteenth Amendment. While the petitioner does not challenge in this court the State's construction of the statute, he argues that because the statute is facially ambiguous as to the intent required, because it made conduct illegal which was formerly legal and the events forming the basis for petitioner's prosecution occurred shortly after the enactment of the statute, and because petitioner was the first person prosecuted under the statute, due process requires that, as applied to him, any ambiguity in the statute be resolved in his favor, i. e., to require proof of corrupt intent.

■ The general rule as to knowledge of criminal conduct is that:

"Under our system of jurisprudence it has long been well established that every man is presumed to know the law. This principle stems from a common law inference of long-standing acceptance, and is founded in the common sense concept that without it '[N]o penal law could be enforced, because there is no penal law a knowledge of which, by a due degree of self-stupefaction, could not be precluded.' 1 F. Wharton, Criminal Law § 102 at 142 (12th Ed. 1932)." *United States v. Bryza*, 522 F.2d 414, 423 (7th Cir. 1975).

Unless an interpretation of a statute made after the defendant's conduct occurs which brings that conduct within the scope of the statute is unreasonable, the application of the statute to the defendant is not subject to attack as an ex post facto law. *United States v. Cerone*, 452 F.2d 274, 287 (7th Cir. 1971). Also, "prior application of a criminal statute to identical conduct is not a prerequisite to a statute's withstanding constitutional attack," *Ketchum v. Ward*, 422 F.Supp. 934, 941 (W.D.N.Y.1976), aff'd 556 F.2d 557 (7th Cir. 1977), citing *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), and:

"\* \* \* if the statute in question is either clear in meaning upon reading, or sufficient to warn the layman that he should seek legal advice as to its applicability and meaning, it is proper to charge the potential violator with such knowledge of a law's applicability as he could obtain through competent legal advice. Note, 62 Harv.L.Rev. 77, 80 (1948). If a competent lawyer is consulted, he should be able to predict whether the statute might be used as a basis for prosecuting his client. \* \* \*" 422 F.Supp., at 941.

In this case, the conduct proscribed by § 11.24(1), Wis.Stats., should be clear even to a layman upon reading the statute. Thus, the interpretation made by the state courts was not "so unforeseeable as to deprive the defendant of the fair warning to which the Constitution entitles him." *Bouie v. City of Columbia*, 378 U.S. 347, 354, 84 S.Ct. 1697, 1703, 12 L.Ed.2d 894 (1964). As to knowledge of the statute itself, the statute was first published on July 6, 1974, and was effective the following day. Petitioner's conduct which formed the basis for his prosecution occurred in September and October 1974. While that is not a long period of time, it is in the Court's opinion long enough to hold a defendant, particularly one like the petitioner who was obviously active in the area of campaign contributions, responsible for knowledge of the law. *United States v. International Minerals & Chemical Corp.*, 402 U.S. 558, 91 S.Ct. 1697, 29 L.Ed.2d 178 (1971).

The petitioner's third claim is that the presumptive intent instruction given to the jury relieved the prosecution of its burden of proof and shifted that burden to the petitioner in violation of the Sixth and Fourteenth Amendments. The petitioner relies on *Sandstrom v. State of Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979), and *County Court of Ulster County v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).

The trial court instructed the jury that:

" 'Intentionally' means that the defendant either had a purpose to do the thing or caused the result specified or believed that his act, if successful, would cause that result. In addition, the defendant must have knowledge of those facts which are necessary to make his conduct criminal and which are set forth after the word 'intentionally.'

"You cannot look into a man's mind to find out his intent. While this intent, if it is found as a fact before you can find the defendant guilty of unlawful political contributions it must be found, if found at all, from his acts and his words and his statements bearing upon his intent. When there are no circumstances to rebut the presumption, the law presumes that a person intends all of the natural, probable, and usual consequences of his deliberate acts." *State v. Dreske*, 88 Wis.2d 60, 69–70 n. 3, 276 N.W.2d 324, 329 n. 3 (Ct.App.1978).

In *Sandstrom v. State of Montana*, supra, the Supreme Court held unconstitutional an instruction that " '*the law presumes* that a person intends the ordinary consequences of his voluntary acts' " because:

"\* \* \* a reasonable jury could well have interpreted the presumption as 'conclusive,' that is, not technically as a presumption at all, but rather as an irrebuttable direction by the court to find intent once convinced of the facts triggering the presumption. Alternatively, the jury may have interpreted the instruction as a direction to find intent upon proof of the defendant's voluntary actions (and their 'ordinary' consequences), unless *the de-*

*fendant* proved the contrary by some quantum of proof which may well have been considerably greater than 'some' evidence—thus effectively shifting the burden of persuasion on the element of intent. * * * " 442 U.S. at 518, 99 S.Ct. at 2456.

The respondents argue that the jury instruction was mandatory, i. e., it required the jury initially to find intent from proof of the evidentiary facts, *Sandstrom v. State of Montana*, supra, at 514, 99 S.Ct. at 2454, but that it merely shifted to the defendant the duty to come forward with some evidence in rebuttal and did not shift the burden of proof beyond a reasonable doubt. See discussion in *County Court of Ulster County v. Allen*, supra, 442 U.S. at 154–157, 99 S.Ct. at 2223–2225.

■ The Wisconsin Supreme Court's own interpretation of the instruction has been that it shifts to the defendant the burden of coming forward to rebut the State's prima facie showing " 'by evidence at least sufficiently convincing to raise a reasonable doubt,' " *Smith v. State*, 69 Wis.2d 297, 303, 230 N.W.2d 858, 862 (1975), quoting *Cupps v. State*, 120 Wis. 504, 513, 97 N.W. 210 (1904), and thus a reasonable jury might well have assumed that because of the presumption, the burden of proof beyond a reasonable doubt on the element of intent was shifted to the defendant. *Smith v. State*, supra; *United States v. Robinson*, 545 F.2d 301, 305–306 (2d Cir. 1978); *Cohen v. United States*, 378 F.2d 751, 755 (9th Cir. 1967), cert. denied 389 U.S. 897, 88 S.Ct. 217, 19 L.Ed.2d 215 (1967). The Fourteenth Amendment requires that the State bear the burden of proof beyond a reasonable doubt on every element of the crime charged. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); *Sandstrom v. State of Montana*, supra, 442 U.S. at 518, 99 S.Ct. at 2456. Because in this case it did not, the petitioner's application for a writ of habeas corpus must be granted.

For the foregoing reasons,

IT IS ORDERED that the application of the petitioner George R. Dreske for a writ of habeas corpus is granted.

IT IS FURTHER ORDERED that the granting of the writ is stayed for a period of ninety days from the filing date of this order, and if within that time the State appeals this decision and order to the Seventh Circuit or commences a retrial of the petitioner in Milwaukee County Circuit Court, the granting of the writ is stayed indefinitely pending the disposition of the appeal or the retrial.