George R. DRESKE, Petitioner,

v.

WISCONSIN DEPARTMENT OF HEALTH AND SOCIAL SERVICES et al., Respondents.

Civ. A. No. 79–C–707.

United States District Court, E. D. Wisconsin.

June 20, 1980.

James R. Glover and James M. Shellow, Milwaukee, Wis., for petitioner.

Bronson C. LaFollette, Atty. Gen. of Wisconsin, and Thomas J. Balistreri, Asst. Atty. Gen., Madison, Wis., for respondents.

## DECISION AND ORDER

REYNOLDS, Chief Judge:

On February 4, 1980, a decision and order was issued granting the application of the petitioner George R. Dreske for a writ of habeas corpus on the ground that the presumptive intent instruction given to the jury during his trial unlawfully shifted to him the burden of proof at trial on the element of intent in violation of the due process clause of the Fourteenth Amend-

ment. *Sandstrom v. State of Montana*, 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39 (1979); *Dreske v. Wisconsin Department of Health and Social Services*, 483 F.Supp. 783 (E.D.Wis.1980). On February 19, 1980, an order was issued sua sponte staying the February 4, 1980, order to permit the Court to consider the issue of the retroactivity or nonretroactivity of the *Sandstrom* decision. On February 25, 1980, the respondents filed a motion seeking reconsideration on the ground of harmless error.[1] For the following reasons, the respondents' motion for reconsideration is denied, and the stay of the February 4, 1980, order is vacated.

The threshold issue in this case is the timeliness of the Court's February 19, 1980, order and of the respondents' February 25, 1980, motion. The petitioner argues that under Rules 52 and 59 of the Federal Rules of Civil Procedure, the Court may amend its findings or grant a new trial only by motion or order made within ten days after the entry of judgment, and that Rule 60(b), allowing for relief from judgment on the grounds of "(1) mistake, [or] inadvertence," which contains a one-year limitation, is not intended to cover errors or omissions of law made by the court in rendering its initial decision.

In *Browder v. Director, Department of Corrections of Illinois*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978), the Supreme Court held that Rules 52(b) and 59 of the Federal Rules of Civil Procedure are applicable to a habeas corpus proceeding and may not be used to extend the thirty-day time limitation for appeal set forth in Rule 4(a). Thus, a motion to stay the execution of the writ and for an evidentiary hearing, filed twenty-eight days after the entry of the final order, 28 U.S.C. § 2253, was held to be untimely under Rules 52 and 59, and to preclude appellate review of the merits of the petition pursuant to a notice of appeal filed more than thirty days after

---

1. The petitioner touched on the issue of retroactivity in his brief in support of his petition. The respondents did not. Neither party dis- cussed the possible application of the doctrine of harmless error.

the entry of the final order.[2] The Supreme Court did not consider the possible application of Rule 60(b), however, because the respondent expressly waived reliance on that rule. See concurrence of Justice Blackmun, 434 U.S., at 272, 98 S.Ct., at 565.

Prior to 1946, Rule 60(b) provided that a court might "relieve a party * * * from a judgment * * * taken against him through his mistake * * *." The 1946 amendment to the rule deleted the pronoun "his," thereby extending the rule to include mistakes made by others than the movant, and it has since been interpreted under certain circumstances to include judicial error. 7 Moore's Federal Procedure ¶ 60.22[3] at 258–259. Minor omissions from the judgment as opposed to fundamental misconceptions about the law have, for example, been held correctible under Rule 60(b) even after the time for appeal has run. On the other hand, motions made after the time for appeal to correct an error involving a fundamental misconception of the law have uniformly been held untimely. 11 Wright & Miller's Federal Practice and Procedure § 2858 at 178–179. Where the time for appeal has not run but the ten days for filing of motions under Rules 52 and 59 have expired, the appellate courts are divided on the issue of the power of a trial court to correct an error of law. Compare, e. g., *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964); *Gila River Ranch, Inc. v.*

*United States*, 368 F.2d 354, 357 (9th Cir. 1966), with *Silk v. Sandoval*, 435 F.2d 1266, 1267–1268 (1st Cir. 1971), cert. denied 402 U.S. 1012, 91 S.Ct. 2189, 29 L.Ed.2d 435; *Hahn v. Becker*, 551 F.2d 741 (7th Cir. 1977).

With regard to mistakes which may be characterized as the product of "inadvertence," Professors Moore and Wright, while not committing themselves as to the wisdom of any particular point of view, note that such mistakes are generally held correctible by the trial court within the time for appeal. 7 Moore's, supra, ¶ 60.22[3] at 262–263; 11 Wright & Miller's, supra, § 2858 at 178–180. Professor Moore notes, however, that the First and Seventh Circuits take a strict view of the time limits in Rules 52 and 59 and hold that legal errors are correctible only upon motion made in a timely manner under the appropriate one of those rules and not under Rule 60(b). 7 Moore's supra ¶ 60.22[3] at 266–267.

In *Swam v. United States*, 327 F.2d 431 (7th Cir. 1964), cert. denied 379 U.S. 852, 85 S.Ct. 98, 13 L.Ed.2d 55, where the losing party was seeking under Rule 60(b), after the time for appeal had expired, to amend his complaint to set forth a new theory of defendant's liability on the ground that the trial court had misconceived the causes of action as set forth in

---

**2.** Although a petition for a writ of habeas corpus is a civil proceeding to which the Federal Rules of Civil Procedure are generally applicable, see Rule 81(a)(2): "The draftsmen of the rule [81(a)(2)] plainly did not intend that *ipso jure* all the civil rules were operative in *habeas* actions." *United States ex rel. Stachulak v. Coughlin*, 520 F.2d 931, 934 (7th Cir. 1975) (Rule 54(b) inapplicable); *Bijeol v. Benson*, 513 F.2d 965 (7th Cir. 1975) (Rule 23 inapplicable); *Harris v. Nelson*, 394 U.S. 286, 295, 89 S.Ct. 1082, 22 L.Ed.2d 281 (1969). Thus, although Rules 58 and 79(a) require the entry and docketing of a separate judgment, 28 U.S.C. § 2253 provides that the final order in a habeas corpus proceeding shall be subject to review on appeal.

The practice in this district with regard to the entry of separate judgments has not been consistent. Compare, e. g., *Davis v. Israel*, 453 F.Supp. 1316 (E.D.Wis.1978) (no judgment entered and appeal taken from final order), with

*Hughes v. Matthews*, 440 F.Supp. 1272 (E.D. Wis.1977) (appeal taken from judgment). Although a final judgment was not entered upon the February 4, 1980, final order in *Dreske v. Wisconsin Department of Health and Social Services*, 483 F.Supp. 783 (E.D.Wis.1980), it nevertheless appears that the time for appeal began to run from the date of entry of that final order. *Browder v. Director*, 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (appeal permitted from final order pursuant to 28 U.S.C. § 2253); *United States ex rel. Burbank v. Warden, Illinois State Penitentiary*, 535 F.2d 361 (7th Cir. 1976); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978). But compare *Mizell v. Attorney General of the State of New York*, 586 F.2d 942 (2d Cir. 1978), cert. denied, 440 U.S. 967, 99 S.Ct. 1519, 59 L.Ed.2d 783 (time for filing of notice of appeal calculated from date of entry of judgment, four days after the final order).

the original complaint, the Seventh Circuit affirmed the trial court's denial of the motion, noting that "Rule 60(b) was not intended to be an alternative method to obtain review by appeal or as a means of enlarging by indirection the time for appeal." 327 F.2d, at 433. The Court further noted at 433:

> " * * * These averments [that the trial court misconceived the character of the causes of action as set forth in the original complaint] do not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b). If plaintiff believed the district court was mistaken as a matter of law in dismissing the original complaint, he should have appealed within sixty days after the dismissal or he might have filed a timely motion under rule 59 to vacate the judgment of dismissal and for leave to amend his complaint. He did neither."

In *Hahn v. Becker*, 551 F.2d 741 (7th Cir. 1977), the Seventh Circuit affirmed the trial court's order denying motions for a new trial, for judgment notwithstanding the verdict, and to set aside the judgment, which motions were filed more than ten but less than thirty days after the entry of judgment, holding that the motions were untimely under Rules 52 and 59 and did not qualify for Rule 60 consideration:

> "In reviewing the motion, we are inclined to conclude that the relief sought by the defendants is correction of errors of law and is not of the type contemplat-

ed by Rule 60. As this court has emphasized, it will not permit parties to circumvent the service requirement of Rule 59(e) by merely denominating the motion as one made under Rule 60. [Citing *Swam.*] The district court was correct in its construction of the Motion to Set Aside Judgment and the motion, not having been timely served, was a nullity and properly denied." 551 F.2d, at 745.

The *Swam* and *Hahn* decisions are controlling in this case.[3] While this Court's failure to consider the issues of the retroactivity of the *Sandstrom* decision and the possible application of the doctrine of harmless error was inadvertent, rather than being a fundamental misconception of the law applicable to the case, the Court was "mistaken as a matter of law," 327 F.2d, at 433, in granting the writ without considering those issues, and, therefore, the error was of the type contemplated by Rule 59 and not by Rule 60.[4]

IT IS THEREFORE ORDERED that the respondents' motion for reconsideration of this Court's February 4, 1980, decision and order on the ground of harmless error is denied.

IT IS FURTHER ORDERED that this Court's order of February 19, 1980, staying the order issued on February 4, 1980, granting the petitioner's application for a writ of habeas corpus, is vacated, that the petitioner George R. Dreske is ordered released from custody forthwith, and that the judgment of conviction entered on May 27, 1977,

---

**3.** In *Reddin v. Gray*, 427 F.Supp. 386 (E.D.Wis. 1977), decided prior to *Hahn v. Becker*, supra, this court distinguished *Swam v. United States*, supra, as involving a motion for relief from judgment filed after the time for appeal had lapsed, and agreed to consider a Rule 60(b) motion for relief from judgment brought because of a United States Supreme Court decision which might require a change in the result of the case and which was rendered after the entry of judgment but before the time for appeal had lapsed. The court found that in those particular circumstances there was " '* * * good sense in permitting the trial court to correct its own error * * * in the light of new authority * * *.' " 427 F.Supp., at 387, quoting from *Schildhaus v. Moe*, 335 F.2d 529, 531 (2d Cir. 1964). *Reddin* was reversed on appeal, 561 F.2d 715 (7th Cir. 1977), but on

substantive and not procedural grounds. The appellant in that case filed timely notices of appeal, however, both from the decision on the Rule 60(b) motion and from the original judgment. *Hahn* now makes it clear, as *Swam* did not, that a Rule 60(b) motion based on an error of law is not timely simply because filed within the time for appeal. Furthermore this case does not involve an intervening change in the law.

**4.** The Court does not suggest and has not decided that the result in this case would have been different had it considered originally the issues of the retroactivity of the *Sandstrom* decision and the possible application of the doctrine of harmless error.

in *State of Wisconsin v. George Dreske*, 88 Wis.2d 60, 276 N.W.2d 324, by the Milwaukee County Circuit Court, is vacated.