27 F.3d 569
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Andrew B. HAYNES and Linda A. Leaf, Plaintiffs-Appellants,
v.
Laura M. PINKOS, Michael Winter, Telesphorus Pinkos, Unknown
Wisconsin State Agencies, and Unknown Individuals,
Defendants-Appellees.
 No. 93-2332.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 3, 1994.
Decided June 20, 1994.
 
 1
 Before CUMMINGS and CUDAHY, Circuit Judges, and ROSZKOWSKI, District Judge.*
 
 ORDER
 
 2
 Plaintiffs Andrew Haynes and Linda Leaf appeal from an order denying their motion to reconsider the district court's dismissal of their complaint for failure to state a cause of action. We affirm.
 
 I.
 
 3
 Plaintiffs Andrew Haynes and Linda Leaf filed this action alleging violations of their civil rights. They alleged that Laura Pinkos, a private citizen, was acting as an agent for "certain unknown state agencies and unknown individuals" and caused an unreasonable search and seizure resulting in the issuance of allegedly false criminal charges against Haynes. They alleged that these actions were racially motivated and caused irreparable harm to Haynes' business. Pinkos moved to dismiss for failure to state a cause of action for which relief can be granted because she was not a state actor, no conspiracy was sufficiently pleaded, and the alleged malicious prosecution did not rise to a constitutional violation.
 
 
 4
 In response, Haynes filed an amended complaint adding Linda Leaf as a plaintiff and Michael Winter and Telesphorus Pinkos as defendants. Laura Pinkos moved to strike the amended complaint arguing that Haynes did not receive leave of court to file an amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. The plaintiffs responded arguing that a motion to dismiss is not a responsive pleading under Rule 15(a) and asked for leave to amend. The district court agreed that the motion to dismiss was not a responsive pleading but questioned the addition of parties without leave of court. The defendant withdrew her motion to strike and asked to reinstate her motion to dismiss as to the amended complaint.
 
 
 5
 While that motion was pending the plaintiffs filed a motion for a protective order, seeking to enjoin a state court no contact order. Plaintiff Haynes had been charged by Laura Pinkos with sexual exploitation by a therapist. The Wisconsin court commissioner issued a no contact order as a condition of Haynes' bail. At oral argument, the parties informed the court that Haynes was subsequently convicted on that charge.
 
 
 6
 Defendant Winter also moved to dismiss the complaint. He argued that the plaintiffs failed to state a constitutional injury, insufficient facts were plead to connect him to any conspiracy against the plaintiffs and that this was really an action for malicious prosecution, which alone does not rise to a constitutional claim. Winter also argued that the plaintiffs' complaint was not reasonable nor filed in good faith in violation of Rule 11. The plaintiffs opposed the motion denying their claim was for malicious prosecution, pointing to various allegations supporting Winter's involvement in a conspiracy and moving for Rule 11 sanctions against Winter and his counsel for statements made in their motion. The plaintiffs' motion for sanctions is based on Winter's denial of having a relationship with the plaintiffs. Apparently over ten years ago Attorney Winter and Attorney Leaf represented opposing parties in a paternity action. The district court found that representation did not require sanctions and found the remaining statements to be opinion and argument, not subject to Rule 11 sanctions.
 
 
 7
 The district court found the complaint alleged that Laura Pinkos is the daughter-in-law of Telesphorus Pinkos, a Milwaukee police officer. Laura Pinkos worked for Michael Winter's brother. Plaintiff Linda Leaf, a white female, is an attorney. Andrew Haynes, a black male, apparently had a personal and professional relationship with Linda Leaf. Haynes was charged with sexual exploitation by a therapist in violation of Wis.Stat. Sec. 940.22(d) for having sexually assaulted Laura Pinkos in July 1991, while acting as her therapist.
 
 
 8
 The court found that the plaintiffs' complaint was one for malicious prosecution, in spite of its laundry list of claims under 42 U.S.C. Secs. 1981, 1983 and 1985, Article IV of the United States Constitution as well as the First, Third, Fourth, Fifth, Eighth, Ninth, Tenth, Thirteenth and Fourteenth Amendments. The court further found that the Seventh Circuit does not recognize malicious prosecution alone as a constitutional deprivation and dismissed the action.
 
 
 9
 The plaintiffs did not immediately appeal the district court's decision. Instead, twenty-six days after the court entered judgment dismissing the case, the plaintiffs filed a motion for reconsideration. The district court found the plaintiffs' motion was more properly a motion for relief from judgment under Fed.R.Civ.P. 60(b). The court found the motion raised no new evidence or argument which was not previously considered and denied the motion. The plaintiffs subsequently filed a timely appeal from that order.
 
 
 10
 The plaintiffs have also moved for sanctions pursuant to Rule 46 of the Federal Rules of Appellate Procedure for alleged misrepresentations made by the defendants in their briefs to this court. The statements complained of deal with the criminal complaint against Haynes and whether he was in fact acting as Laura Pinkos' therapist. The defendants responded stating that they properly quoted and paraphrased statements made in the criminal complaint. After oral argument, the plaintiffs moved and were granted leave to file a reply to the defendants' response to the motion for sanctions. In this reply, the plaintiffs reiterated their position on the issue of whether Haynes was Laura Pinkos' therapist and also questioned the manner in which the trial on the criminal charge was conducted.
 
 II.
 
 11
 The first issue before the court is what order is on appeal, the order granting the motion to dismiss or the order denying the plaintiffs relief under Rule 60(b). The plaintiffs initially argued that they appealed the original judgment of the court after it denied their "motion for reconsideration." In their reply brief, the plaintiffs have seemed to accept that their motion was properly considered under Rule 60(b), but now argue that the court abused its discretion in denying that motion.
 
 
 12
 The plaintiffs further argued that they filed their motion for reconsideration rather than a notice of appeal because they wanted to avoid a needless appeal and promote judicial economy. It is an admirable goal they wish to advance. The parties, however, must work within the procedural framework which has already been established by Congress in the Federal Rules of Civil Procedure, and not attempt to make new procedures based on the argument that it will be judicially economical to follow their procedure in this case.
 
 
 13
 This is an appeal of the court's ruling on the plaintiffs' motion filed under Rule 60(b). The court is without jurisdiction to review the underlying dismissal of the case because the plaintiffs failed to file a timely appeal from that dismissal. The plaintiffs failed to file a motion under Rule 59 within 10 days, which would have stayed the running of the time to file a notice of appeal, and failed to file a notice of appeal from the judgment within 30 days. "Rule 60(b) does not affect the finality of the judgment, but a motion under Rule 59, made within 10 days, does affect finality and the running of time for appeal." Fed.R.Civ.P. 60, note to subdivision (b); see also Inryco, Inc. v. Metropolitan Engineering Co., Inc., 708 F.2d 1225 (7th Cir.), cert. denied, 464 U.S. 937 (1983); Western Transp. Co. v. E.I. Du Pont De Nemours, 682 F.2d 1233 (7th Cir.1982); Swam v. United States, 327 F.2d 431, 433 (7th Cir.), cert. denied, 379 U.S. 852 (1964).
 
 III.
 
 14
 The court reviews the denial of a Rule 60(b) motion for abuse of discretion by the district court. Simons v. Gorsuch, 715 F.2d 1248 (7th Cir.1983). Relief from judgment under Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances "that create a substantial danger that the underlying judgment was unjust." Del Carmen v. Emerson Electric Co., 908 F.2d 158, 161 (7th Cir.1990) (citations omitted). Abuse of discretion is established when no reasonable person could agree with the district court. Id.; Reinsurance Co. of America v. Adminstratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990) (quoting McKnight v. United States, 726 F.2d 333, 335 (7th Cir.1984)); Simons, 715 F.2d at 1253. Furthermore, there is no abuse of discretion if reasonable persons could disagree as to the propriety of the court's action. Del Carmen, 908 F.2d at 161; Reinsurance Co., 902 F.2d at 1277; Simons, 715 F.2d at 1253.
 
 Rule 60(b) provides in part that:
 
 15
 [T]he court may relieve a party ... from a final judgment ... for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment ... A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation....
 
 
 16
 Fed.R.Civ.P. 60(b). The rule sets forth six independent bases to grant a party relief from a judgment. The plaintiffs appear to argue only subsections (1) and (6) as their bases for relief. The plaintiffs have not disclosed any new evidence, they have not demonstrated fraud, and they have not established that the judgment is void or has been satisfied.
 
 
 17
 Rule 60(b)(1) allows relief for "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(6) allows relief for "any other reason justifying relief from the operation of the judgment." The plaintiffs' argument is that the district judge had a mistaken understanding of the law and their cause of action. However, Rule 60(b) does not provide relief where the party is merely unhappy with the judgment. As this court stated in Swam v. United States, "[i]f plaintiff believed the district court was mistaken as a matter of law in dismissing the original complaint, he should have appealed within sixty days after the dismissal or he might have filed a timely motion under Rule 59 to vacate the judgment of dismissal and for leave to amend his complaint. He did neither."[1] 327 F.2d at 433.
 
 
 18
 In Swam, the plaintiff argued that the district court "misconceived the character of the causes of action alleged in plaintiff's original complaint...." Id. The court found that "[t]hese averments do not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b)." Id. The same argument is advanced here and it must also fail. The plaintiffs fail to show that the district court abused its discretion.
 
 
 19
 The catch-all provision of Rule 60(b)(6) is an extraordinary remedy. See Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 682 (7th Cir.), cert. denied, 464 U.S. 1009 (1983), mandate amended, 728 F.2d 943 (7th Cir.1984); Industrial Associates, Inc. v. Goff Corp., 787 F.2d 268, 269 (7th Cir.1986). Absent exceptional circumstances, the failure to prosecute an appeal will bar relief under Rule 60(b)(6). Lubben v. Selective Service System, 453 F.2d 645, 652 (1st Cir.1972). "Relief under this residual clause is available when reasons (1) through (5) are inapplicable, and equitable action is appropriate to accomplish justice ... Or, to put it another way, the movant's reasons under 60(b)(6) must justify relief." Peacock v. Bd. of School Com'rs of Indianapolis, 721 F.2d 210, 214 (7th Cir.1983) (emphasis in original) (citations omitted).
 
 
 20
 This is a similar situation here. The plaintiffs had their option of filing an appeal within 30 days or filing a timely motion under Rule 59 within 10 days. The plaintiffs filed an untimely motion for reconsideration and cite no basis for relief other than their disagreement with the ruling of the district court. The district court did not abuse its discretion in denying the plaintiffs' post judgment motion. Since this is an appeal from a Rule 60(b) motion, our jurisdiction is limited to reviewing the district court's denial for abuse of discretion. Because our ruling on that issue is dispositive, we do not address the merits of the plaintiffs' underlying allegations.
 
 IV.
 
 21
 The plaintiffs have also moved for sanctions against the defendants for alleged misrepresentations in their briefs. The alleged misrepresentations occurred in interpreting statements made in Laura Pinkos' criminal complaint against Haynes. The court finds the plaintiffs' motion meritless. The plaintiffs are merely rearguing their brief, now casting the defendants' interpretations of statements made by Haynes and Laura Pinkos as misrepresentations. The plaintiffs' motion for sanctions is therefore denied. The defendants requested sanctions against the plaintiffs in their response. That request for sanctions is also denied.
 
 V.
 
 22
 For the reasons stated, we find the district court did not abuse its discretion in denying the plaintiffs' post-judgment motion under Rule 60(b). The decision of the district court is affirmed. The parties' motions for sanctions are denied.
 
 
 23
 Affirmed.
 
 
 
 *
 The Honorable Stanley J. Roszkowski, District Judge for the Northern District of Illinois, Western Division, is sitting by designation
 
 
 [1]
 The sixty day limit to file a notice of appeal from the entry of a final judgment or order is applicable only in cases where the United States is a party, otherwise the thirty day limit is applicable. Fed.R.App.P. 4(a)(1)