**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SILAS WILSON, JR.,

     Plaintiff - Appellant,

v.

KEITH C. REID, individually and official capacity, Tulsa Police Officer; CHUCK JORDAN, individually and official capacity, Chief of Police Tulsa Police Department; G. T. BYNUM, individually and official capacity, Mayor of City of Tulsa; SALLY HOWE SMITH, individually and official capacity, (former) Court Clerk Tulsa County; DON NEWBERRY, individually and official capacity, Court Clerk Tulsa County; FNU LNU, individually and official capacity, Unknown Deputy Court Clerks; STANLEY GLANTZ; GERALD M. BENDER; G. CHRIS BENGE; TULSA COUNTY; CITY OF TULSA; OKLAHOMA SECRETARY OF STATE,

     Defendants - Appellees.

No. 20-5015
(D.C. No. 4:18-CV-00374-JED-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

_____

    [*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Federal Rule of Civil Procedure 60(b) provides, in exceptional circumstances, an opportunity for relief from a final judgment after the time for a Rule 59 motion has expired. In this case, Plaintiff's Rule 60(b) motion did not state a cognizable argument and amounted to a relitigating of issues he could have brought in his first appeal. The district court denied that motion and, exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

Plaintiff Silas Wilson, Jr., a *pro se* prisoner litigant, sued defendants, various local and county officials and entities, in the Western District of Oklahoma under 42 U.S.C. § 1983. Upon concluding that it was not a proper venue, that court transferred the action to the Northern District of Oklahoma, which ordered Plaintiff to file an amended complaint to cure certain identified deficiencies. Plaintiff timely filed his amended complaint in accordance with the order, but the district court held that he still failed to state a claim. The district court explained that Plaintiff failed to state a cognizable constitutional violation related to an allegedly falsified affidavit. And, in any event, the district court said, Supreme Court case law barred those claims. See Heck v. Humphry, 512 U.S. 477, 487 (1994) (requiring district courts to dismiss any § 1983 claim that, if resolved in the plaintiff's favor, would necessarily imply the invalidity of his conviction or sentence). The district court also found that Plaintiff failed to allege a cognizable claim stemming from the alleged withholding of public

2

records. Accordingly, the district court dismissed Plaintiff's amended complaint with prejudice and entered judgment against him.

Plaintiff appealed the district court's judgment and we affirmed. Wilson v. Reid, 781 Fed. App'x 789 (10th Cir. 2019) (Wilson I). During the first appeal, Plaintiff filed his Motion to Vacate Judgment and Set Aside the United States District Court's Order, pursuant to Federal Rule of Civil Procedure 60(b). After the first appeal, the district court denied that motion and Plaintiff brought this appeal.

## II.

Plaintiff appeals the order denying his motion, not the underlying judgment. Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991). We review the district court's denial of a Rule 60(b) motion for abuse of discretion. Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1289 (10th Cir. 2005) (citing Servants of Paraclete v. Does, 204 F.3d 1005, 1009 (10th Cir. 2000)). Relief under Rule 60(b) is an extraordinary remedy that a court should give only in "exceptional circumstances" and is "not a substitute for appeal." Id. (internal citations omitted). Therefore, we look only for a "clear or unmistakable error" and will reverse only if we find "a complete absence of a reasonable basis" and we are "certain that the . . . decision is wrong." Id. (internal citations omitted).

## III.

Plaintiff moved for relief under Rules 60(b)(1), (b)(4), and (b)(6). Rule 60 provides that "On motion and just terms, the court may relieve a party . . . from a final judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or

excusable neglect; . . . (4) the judgment is void; . . . (6) any other reason that justifies relief. Fed. R. Civ. P. 60(b). Importantly to this case, a party may not use Rule 60(b) to "revisit[] the issues already addressed" or to "advance[e] new arguments or supporting facts which were otherwise available for presentation" earlier in the proceeding. Van Skiver, 952 F.2d at 1243. "Reiterat[ing] the original issues raised in [the] complaint" or "arguing that the district court misapplied the law or misunderstood [the plaintiff's] position" are not proper for a Rule 60(b) motion. Id. at 1244.

Plaintiff premised his motion on the idea that the district court "mistakenly misconstrued the true facts as alleged in [his complaint]." He argued that the "amended complaint should have been properly construed liberally . . . according to the . . . true facts alleged" and that it "alleged a violation of due process/equal protection." Plaintiff ultimately concluded that the district court (1) entered its "order to dismiss . . . without even considering Plaintiff's amended pleadings as a whole," (2) "misconstrued the facts alleged in Plaintiff's amended complaint," (3) did not view "the allegations in the light most favorable to the Plaintiff," and (4) "based [its] resolution of Plaintiff's claims on materially false information." Plaintiff contended that these errors prejudiced him, deprived him of due process, and "render[ed] the judgment void on its face." The district court held that Plaintiff's arguments all either "rehash[ed] or amplif[ied]" his original arguments or would not have "nudg[ed] Plaintiff's allegations from deficient to plausible." We agree and will address 60(b)(1), (4), and (6) each in turn.

4

First, Rule 60(b)(1) provides relief for a mistake "in only two instances: (1) when 'a party has made an excusable litigation mistake or an attorney in the litigation has acted without authority; or (2) whe[n] the judge has made a substantive mistake of law or fact in the final judgment or order.'" Utah ex rel. Div. of Forestry, Fire & State Lands v. United States, 528 F.3d 712, 722–23 (10th Cir. 2008) (alteration in original) (quoting Cashner v. Freedom Stores, Inc., 98 F.3d 572, 576 (10th Cir. 1996)). Plaintiff did not argue inadvertence, surprise, or excusable neglect.

Plaintiff's argument that the district court "mistakenly misconstrued the true facts alleged in [his complaint]" is not proper for a Rule 60(b) motion. Van Skiver, 952 F.2d at 1243–44; see also Swam v. United States, 327 F.2d 431, 433 (7th Cir. 1964) (explaining that misconceiving the character of a cause of action is not "the kind of mistake or inadvertence that comes within the ambit of Rule 60(b)"). A party should bring such arguments via either Rule 59(e) or direct appeal. Van Skiver, 952 F.2d at 1244. And, on direct appeal, we affirmed the district court's dismissal of Plaintiff's complaint. Wilson I, 781 Fed. App'x at 793. As for any new facts Plaintiff attempted to introduce or new arguments he could have made earlier or in his first appeal, we reject them as well. A motion under Rule 60(b) may not have its basis in "arguments or supporting facts which were otherwise available for presentation" earlier. Van Skiver, 952 F.3d at 1243. Therefore, we need not decide whether these new facts or arguments would have changed the result of the case. We simply conclude that the district court correctly dismissed them as inappropriate for a Rule 60(b) motion.

Next, we address Plaintiff's Rule 60(b)(4) argument. "A judgment is void under Rule 60(b)(4) 'only in the rare instance where [the] judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" Johnson v. Spencer, 950 F.3d 680, 694 (10th Cir. 2020) (alteration in original) (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010)). Plaintiff made no jurisdictional argument, but he claimed the district court deprived him of due process. Relief for lack of due process is not appropriate in a case in which the district court has not deprived a party of "notice, hearing, or other fundamental constitutional rights." See V.T.A., Inc. v. Airco, Inc., 597 F.3d 220, 225 (10th Cir. 1979). The district court did not deprive Plaintiff of a fundamental due process right in the underlying proceeding. Before dismissing the case, the district court gave him opportunity to amend his pleadings and, in doing so, even pointed out his deficiencies. Moreover, Plaintiff appealed the district court's judgment and could have raised a due process violation at that time.

Finally, Relief under Rule 60(b)(6)'s catchall provision is "even more difficult to attain and is appropriate only when it offends justice to deny such relief." Zurich, 426 F.3d at 1293 (quoting Yapp v. Excel Corp., 186 F.3d 1222, 1232 (10th Cir. 1999)). Furthermore, "Rule 60(b)'s categories are mutually exclusive." Id. (citing United States v. Buck, 281 F.3d 1336, 1341 (10th Cir. 2002)). So, to obtain relief under Rule 60(b)(6), a party must make an argument that Rules 60(b)(1)–(5) do not encompass. Id. (Rule 60(b)(6) "is restricted to reasons other than those enumerated

6

in the previous five clauses." (quoting <u>Buck</u>, 281 F.3d at 1314)). Plaintiff did not state any ground for relief not within the scope of Rule 60(b)(1) or (b)(4).

Plaintiff's Rule 60(b) motion and this appeal attempt to end-run our prior affirmation of the district court's dismissal of his claims, and they constitute an impermissible second shot at appealing that judgment. <u>Zurich</u>, 426 F.3d at 1289 (Rule 60(b) is not a substitute for appeal). Because nothing in Plaintiff's motion justifies relief under Rule 60(b)(1), (4), or (6), we conclude the district court did not abuse its discretion in denying Plaintiff's Rule 60(b) motion for relief from judgment.

AFFIRMED.

Entered for the Court

Joel M. Carson III
Circuit Judge

7